UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Amari Johnson,

        Petitioner,        Case No. 15-cv-11304
                                  Hon. Judith E. Levy

v.

Duncan MacLaren,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE [1] AND DISMISSING PETITION WITHOUT PREJUDICE**

Michigan state prisoner Amari Johnson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. (Dkt. 1.) Petitioner was convicted in the Oakland County Circuit Court of two counts of delivery or manufacture of less than 50 grams of a controlled substance. Before the Court is Petitioner's motion to hold the petition in abeyance so that he can raise unexhausted claims in the state courts. (Dkt. 1 at 22.) For the reasons set forth below, the Court will deny Petitioner's motion, dismiss the petition without prejudice, and deny a

certificate of appealability.

## I. Background

Petitioner pled guilty in Oakland County Circuit Court to two counts of delivery or manufacture of less than 50 grams of a controlled substance. On April 11, 2014, he was sentenced as a fourth habitual offender to 3 to 30 years' imprisonment for each conviction, to be served concurrently.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising a claim that his right to due process was violated because the trial court relied on inaccurate information in sentencing him. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Johnson*, No. 322315 (Mich. Ct. App. July 25, 2014). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. He raised the sentencing-related claim and two additional claims: (1) trial counsel was ineffective in failing to object to prosecutorial misconduct at sentencing, and appellate counsel was ineffective in failing to raise this claim in the Michigan Court of Appeals; and (2) the prosecutor

2

committed misconduct at sentencing. The Michigan Supreme Court denied leave to appeal. *People v. Johnson,* 497 Mich. 948 (Mich. Dec. 30, 2014).

Petitioner filed his federal habeas petition on March 7, 2015, raising the same three claims raised in the Michigan Supreme Court.

## II. Discussion

Petitioner seeks a stay because two claims raised in the petition were not exhausted in state court. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts; i.e., the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A defendant has failed to "fairly present" an issue when it is raised for the first time on discretionary review. *Castille v. Peoples*, 489

3

U.S. 346, 351 (1989). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Two of the claims raised in the petition were raised for the first time in Petitioner's application for leave to appeal in the Michigan Supreme Court. Because the Michigan Supreme Court denied leave to appeal, the claims were not fairly presented in state court and are unexhausted. *See Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006) (holding that an issue is not fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review).

A prisoner is required to comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available to Petitioner. He may file a motion for

4

relief from judgment in the Oakland County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997) (citing Mich. Ct. R. 6.509, 7.203, and 7.302).

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. The one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), does not begin to run until 90 days after the conclusion of direct appeal.

*Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on December 30, 2014, and Petitioner had 90 days from that date, until March 30, 2015, to seek a writ of certiorari with the United States Supreme Court. Petitioner filed his federal habeas petition on March 7, 2015. Thus, the limitations period had not even commenced at the time he filed his petition.

Assuming that Petitioner files an appropriate post-conviction motion in the state court within a reasonable period of time, the remaining portion of the limitations period allows him ample time to re-file his petition, including the exhausted and unexhausted claims, after the conclusion of any proceedings on his motion in the state trial and appellate courts, because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A] post-conviction or collateral proceeding . . .

6

toll[s] the [AEDPA] statute of limitations, but does not restart it." *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014) (citing 28 U.S.C. § 2244(d)(2)). Because he has time to exhaust his state remedies, Petitioner has not shown the need for a stay and a non-prejudicial dismissal of the habeas petition is appropriate.

### III. Conclusion

Accordingly, Petitioner's Motion to Hold Petition for Writ of Habeas Corpus in Abeyance (Dkt. 4) is DENIED, and his petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. If Petitioner wishes to proceed on the exhausted claim and abandon his unexhausted claims, he may move to reopen these proceedings within thirty days from the date of the Order.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of

7

appealability should issue only if it is shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not debate the correctness of the Court's procedural ruling, a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: May 21, 2015                           s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                               United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2015.

                                         s/Felicia M. Moses
                                         FELICIA M. MOSES
                                         Case Manager